IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL ACTION NO. 3:18-00045

STEPHEN CRAIG SLUSS

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Stephen C. Sluss's Motion for Compassionate Release. ECF No. 64. Defendant seeks compassionate release citing his medical conditions and concerns over COVID-19 transmission in his facility. *See e.g.,* Def.'s Mem. in Supp., ECF No. 65.

In December 2018, Congress enacted the First Step Act. *See* Pub. L. No. 115-391, 132 Stat. 5194. As part of the Act, Congress amended Section 3582 and enabled courts to reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." *See* 18 U.S.C. § 3582(c)(1)(A)(i); Pub. L. 115-391, Title VI, § 603(b), Dec. 21, 2018, 132 Stat. 5239. However, before defendants may request such a reduction, defendants must ask the BOP to do so on their behalf. See 18 U.S.C. § 3582(c)(1)(A). If the BOP denies the defendant's request or does not respond within 30 days, the defendant may file a motion before the court. *Id*.

If an inmate satisfies this administrative exhaustion requirement, courts may reduce the inmate's sentence if there are (1) "extraordinary and compelling reasons," (2) the defendant is "no longer a danger to the safety of any other person or to the community," and (3) release is consistent with the factors identified under 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c); U.S.S.G § 1B1.13 (2018). During the COVID-19 pandemic, courts have recognized that compassionate release is appropriate where an inmate has shown both a particularized susceptibility to the virus and a

particularized risk that she will contract the virus at his facility. *See, e.g.*, *United States v. Feiling*, 453 F. Supp. 3d 832, 841 (E.D. Va. 2020); *United States v. Eberbaugh*, No. CR 2:18-00222-02, 2020 WL 4804951, at *3 (S.D.W. Va. Aug. 18, 2020) (considering "the age of the prisoner, the severity and documented history of the defendant's health conditions, and the proliferation and status of infections in the prison facility" to determine if compassionate release is appropriate).

Defendant filed an affidavit stating that he submitted a request for compassionate release to the Warden at USP Yazoo on December 3, 2020. Def.'s Aff. ¶ 36, ECF No. 65-1. The Warden failed to respond within thirty days; thus, Defendant exhausted his administrative remedies. *Id.* ¶ 37.[1] Defendant claims, "there is a significant risk of contracting COVID-19 in the Federal Prison System" and that he is at higher risk of contracting and suffering adverse consequences from COVID-19. *See* Def.'s Mem. in Supp. at 9-11.

However, many of Defendant's concerns regarding his medical care detail the lack of treatment received while at USP Yazoo. *See* Def.'s Aff. ¶¶ 18-20. These concerns are largely irrelevant given that he is now housed at a Residential Reentry Center (RRC) in Clarksburg, West Virginia, with only forty-three other inmates. Def.'s Mem. in Supp. at 3. Defendant argues that he is now at higher risk of contracting COVID-19 than he was at a federal prison housing over 827 inmates, given the "housing arrangements in a halfway house [the RRC]" and the "release into the community as part of RCC [sic] programming." *Id.* at 3; *USP Yazoo City*, https://www.bop.gov/locations/institutions/yap/ (last visited Mar. 23, 2022). But Harrison County, where the RRC is located, is reporting only eighteen active cases of COVID for a community of approximately 65,000 people. *COVID-19 Daily Update 3-23-2022*,

---

[1] Even assuming that Defendant's statements are true and confer jurisdiction on this Court, his Motion fails because he has not shown "extraordinary and compelling circumstances."

https://dhhr.wv.gov/News/2022/Pages/COVID-19-Daily-Update-3-23-2022.aspx (last visited Mar. 23, 2022); *Harrison County, West Virginia*, https://www.census.gov/quickfacts/fact/table/harrisoncountywestvirginia/INC110219 (last visited Mar. 23, 2022). And even if released, because Defendant would be on supervised release and responsible for care of family members (according to his affidavit), he would continue to be exposed to the wider community because of the required appointments and activities attendant to those responsibilities.

Further, even though his affidavit details a medical history placing him at a higher risk for COVID-19, there is no evidence that the BOP is incapable of caring for his medical conditions. While Defendant discusses a lack of care at USP Yazoo, he has not shown that the BOP is currently failing to manage his conditions or that he has inadequate access to medical care and treatment at the RRC. Moreover, RRCs contract with providers to supply offenders with access to medical health care and treatment. *See About our Facilities*, https://www.bop.gov/about/facilities/residential_reentry_management_centers.jsp (last visited March 23, 2022). Additionally, the COVID-19 vaccine is readily available to prisoners and the population at large; it has been shown to be highly effective at protecting against severe illness and complications from COVID-19.

In short, Defendant has failed to show that he has a particularized susceptibility and risk that meets "extraordinary and compelling circumstances" warranting his release.[2] Accordingly, his Motion for Compassionate Release (ECF No. 64) is **DENIED**.

---

[2] Because the Court has determined that there are not compelling and extraordinary circumstances, the Court will not go on to consider Defendant's danger to others or the § 3553(a) factors.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: April 1, 2022

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE